IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CARL EDMOND YANCY, § | |
| HC SPN 00860740, § | |
|     Plaintiff, § | |
| v. § | CIVIL ACTION NO. H-11-4167 |
| § | |
| HARRIS COUNTY SHERIFF'S OFFICE, § | |
| DR. BOD,[1] § | |
|     Defendant. § | |

OPINION ON DISMISSAL

    Plaintiff, a detainee in the Harris County Jail, has filed a civil rights suit pursuant to 42 U.S.C. § 1983 (Docket Entry No.1) and more definite statement of his claims (Docket Entry No.7), alleging that he has been denied medical care by the Jail physician. For the reasons to follow, the Court will dismiss with case with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

BACKGROUND

    Public records show that plaintiff has been charged with two counts of aggravated sexual assault of a child under the age of fourteen in cause number 1239110 in the 178th District Court of Harris County, Texas. Office of Harris County District Clerk.[2] Plaintiff's trial was set for September 10, 2012. *Id.*

    Plaintiff was jailed on these charges on April 30, 2010, in the Baker Street jail facility. *Id.* Plaintiff claims that around June 1, 2010, he had an attack of bleeding ulcers and was taken to Ben Taub Hospital, where he was treated for dehydration and vomiting. (Docket Entry No.7). Sometime in late July or early August 2010, plaintiff was transferred to the North San

---

[1] On the face of his original pleading, plaintiff names Dr. Bod as the defendant. (Docket Entry No.1). Throughout the complaint and his more definite statement, plaintiff refers to defendant as Dr. Bob. (Docket Entries No.1, No.7). Therefore, the Court will address defendant as Dr. Bob.

[2] *See* http://www.hcdistrictclerk.com/edocs/public/CaseDetailsPrinting.aspx?Get=Cpwm+Jv6X3 (viewed July 17, 2012).

Jacinto Street jail facility. (*Id.*) Plaintiff claims that on September 1, 2010, his ulcers began to bleed again. (*Id.*). His repeated requests to be taken to a hospital to get the bleeding stopped were refused. (*Id.*). Plaintiff was seen in the Jail's medical department on September 3, 9, and 13, 2010, for the ulcers. (*Id.*).

At some point between September 1 and 22, 2010, plaintiff passed out and fell, injuring his hip and lower back. (*Id.*). Plaintiff thinks he might have damaged two metal plates and six bolts that hold his lower back together. (*Id.*). He complains of a bruise on his left hip, a popping sensation and a radiating pain in his right hip, and back pain when he sits, stands and walks too far. (*Id.*). Plaintiff also complains of pain in his left shoulder and elbow from having to lie on one side. (*Id.*).

After the fall, he was taken to the medical department at the North San Jacinto Street jail facility and then to the Baker Street jail facility for x-rays, which he believes were ordered by Dr. Bob, the jail physician. (*Id.*). He was first seen by Dr. Bob on September 22, 2010. (*Id.*). Plaintiff does not allege that Dr. Bob refused to treat him but that Dr. Bob refused to send him to the hospital for treatment because plaintiff had a court date that Dr. Bob did not want plaintiff to miss. (*Id.*). Plaintiff complained to administrator Donna Parker about Dr. Bob's refusal to authorize hospital treatment; he also filed a grievance in October 2010, complaining of the same. (*Id.*). Still he was refused hospital treatment. (*Id.*). Plaintiff, however, concedes that he received or signed for medical treatment on October 2, 28 and 30, 2010, November 11 and 22, 2010, December 30, 2010, January 24, 2011, February 22, 2011, March 22 and 24, 2011, April 26, 2011, May 24, 2011, August 26, 2011, September 23, 28 and 30, 2011, October 24, 2011, December 27, 2011, January 12, 17 and 19, 2012, and, February 28, 2012. (*Id.*). Plaintiff claims that he has been given five types of prescription medication to treat his injuries, including pain medication. (*Id.*).

Plaintiff requests that he be taken to Hermann Hospital to run the necessary tests to determine the extent and severity of his injuries and to treat his hip and spine issues. (*Id.*). He

would also like stronger pain medication. (*Id.*). Since filing the complaint, plaintiff's medication has been adjusted. (*Id.*).

## DISCUSSION

The Prison Litigation Reform Act requires that the district court review a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). On review, the Court must identify cognizable claims or dismiss the complaint or any portion thereof, if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B). In conducting that analysis, a prisoner's *pro se* pleading is reviewed under a less stringent standard that those drafted by an attorney and is entitled to a liberal construction that includes all reasonable inferences, which can be drawn from it. *Haines v. Kerner*, 404 U.S. 519 (1972).

A complaint may be dismissed as frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist." *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999). A complaint may be dismissed for failure to state a claim if the plaintiff does not allege enough facts to state a claim to relief that is "plausible" on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*.

The Eighth Amendment prohibits conduct which evinces deliberate indifference to serious medical need by its ban on cruel and unusual punishment. *See Hare v. City of Corinth*, 74

F.3d 633, 650 (5th Cir. 1996). Pretrial detainees have a due process right to reasonable medical care under the Fourteenth Amendment equivalent to prisoners under the Eighth Amendment. *Id*. To establish the requisite deliberate indifference, a plaintiff must show that the defendant had subjective knowledge of a substantial risk to his health, and that he responded with deliberate indifference to that risk. *See Jacobs v. West Feliciana Sheriff's Dep't*, 228 F.3d 388, 394 (5th Cir. 2000). That is, the plaintiff must present evidence that the defendant refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for his serious medical needs. *See Domino v. Texas Dep't of Criminal Justice,* 239 F.3d 752, 756 (5th Cir. 2001). Deliberate indifference is not the equivalent of negligence; deliberate indifference "describes a state of mind more blameworthy than negligence." *Farmer v. Brennan*, 511 U .S. 825, 835 (1994). It is not sufficient that the defendants should have known of a substantial risk; they must have actual knowledge of the risk and ignore it. In sum, a plaintiff must prove that the defendant knew of and disregarded an excessive risk of injury to him, and that he was both aware of the facts from which the inference could be drawn that a substantial risk of serious harm existed, and that he drew that inference. *Id.* at 837. For this reason, evidence of unsuccessful medical treatment, negligence, neglect, or even malpractice is insufficient to demonstrate deliberate indifference. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).

Plaintiff's pleadings establish that he received medical care for his ulcers and back injuries while in the Harris County Jail; he did not, however, receive the type and level of care that he believed was necessary. This is insufficient to establish deliberate indifference. An inmate's dissatisfaction or disagreement with the medical treatment he received does not mean that he suffered deliberate indifference. *See Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997). Neither claims of negligence nor disagreement with the type of medical care received rise to the level of a constitutional issue under section 1983. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir.

2006). Accordingly, plaintiff fails to state a claim for deliberate indifference to his serious medical needs.

## CONCLUSION

Based on the foregoing, the Court ORDERS the following:

1. Plaintiff's complaint is DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B). All claims against defendant Dr. Bob are DENIED.

2. All pending motions, if any, are DENIED.

The Clerk will provide a copy of this order by facsimile transmission, regular mail, or e-mail to the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159; the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793; and the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas  75702, Attention: Manager of the Three-strikes List.

SIGNED at Houston, Texas, this 9th day of October, 2012.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE